UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS AIRLINE DIVISION,

        Plaintiff,                                             Case No. 2:10-cv-00203-LA

    v.

FRONTIER AIRLINES, INC. and
REPUBLIC AIRWAYS HOLDINGS, INC.,

        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL STAY AND POSTING OF BOND**

## INTRODUCTION

As briefly discussed during the status conference on May 20, 2010, Defendants Frontier Airlines, Inc. ("Frontier") and Republic Airways Holdings, Inc. ("RAH") (collectively Defendants) respectfully request that the Court issue an order partially staying the Preliminary Injunction issued on April 20, 2010 and requiring Plaintiff International Brotherhood of Teamsters Airline Division ("IBT") to post a bond securing various costs, including attorneys' fees, that Defendants are likely to incur in connection with complying with the Preliminary Injunction and/or pursuing its interlocutory appeal of this injunction concurrently filed this date.[1] As explained more fully below, Defendants are concerned that barring a stay pending appeal of the portion of the Preliminary Injunction requiring Defendants to reinstate the group of nineteen (19) former Frontier mechanics who relocated to Milwaukee and became Republic employees to

---

[1] Defendants recognize that their notice of appeal will not become effective, however, until the Court rules on their pending motion to amend and/or alter the April 20, 2010 Judgment.

their former status as IBT-represented Frontier employees will very likely result in the furlough of many of these employees as there is currently simply insufficient maintenance related work on Frontier aircraft in Milwaukee to support this number of employees. The potential intervening financial and emotional harm to these employees if the stay is not granted and the Seventh Circuit reverses that part of the Court's April 20 Preliminary Injunction is palpable. Conversely, there will be no harm to these employees or Plaintiff ("IBT") if the Court's "restoration" order is stayed as, even assuming the Seventh Circuit affirms the preliminary injunction, all of these employees (as well as the IBT) can and will be made fully "whole" for the very small, if any, financial harm associated with delaying implementation of this part of the order. Defendants, accordingly, respectfully submit this Motion for a partial stay should be granted.[2]

As to Defendants' Motion for a Bond, it is well established that under both Civ. R. 65(c) and Section 7 of Norris LaGuardia Act, 29 U.S.C. § 107, a prevailing party obtaining a preliminary injunction is required to post a security bond pending an interlocutory appeal to protect the enjoined party in the event it is later determined that the preliminary injunction was improvidently granted. As discussed below, the specific bond Defendants are seeking (ranging from $50,000 to $75,000) is consciously moderate and entirely appropriate under the circumstances and should be required of IBT before the instant preliminary injunction is deemed effective.

---

[2] Defendants emphasize that they are only seeking a stay of that portion of the Preliminary Injunction requiring Defendants to convert these nineteen (19) mechanics back to their status of Frontier employees. Defendants are not seeking to stay that portion of the Preliminary Injunction requiring Defendants to recognize and treat with the IBT as the representative for the Frontier maintenance and related (as well as stock clerk) craft or classes. The latter is the "representation dispute" issue Defendants will primarily present to the Seventh Circuit in its appeal. Defendants have already represented to the Court that it will proceed to arbitrate various contractual disputes dealing with subcontracting and other issues that the IBT has raised as the current representative of Frontier mechanics as required by the Court's Preliminary Injunction.

## ARGUMENT

I.  THE COURT'S PRELIMINARY INJUNCTION SHOULD BE PARTIALLY STAYED PENDING APPEAL

Civ. Rule 62(c) provides that:

> "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

In determining whether a stay should be granted under this rule, four factors are typically considered: (1) the likelihood of the appellant's success on the merits of the appeal, (2) the chance that the appellant will suffer irreparable harm unless the stay is granted, (3) the degree of harm the appellees will suffer if the stay is granted, and (4) whether a stay is compatible with the public interest. *See Cavel Int'l, Inc. v. Madigan,* 500 F.3d 544, 546-49 (7th Cir. 2007); *Hinrichs v. Bosma*, 440 F. 3d 393, 396 (7th Cir. 2006); *Indianapolis Colts v. Mayor & City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984). As this very Court described in the analogous situation whether to enjoin a final judgment pending appeal, district courts typically apply a "sliding scale" approach in weighing these factors. *Habitat Education Center, Inc. v. United States Forest Service,* 2009 U.S. Dist. LEXIS 35900 (E.D. Wis. April 13, 2009).

Here, whatever debate might exist concerning the likelihood that Defendants will prevail on their jurisdictional "representation dispute" argument before the Seventh Circuit, there is no question that the other listed factors strongly favor their request for a partial stay of the preliminary injunction in this case. As set forth in the Declaration of Jeffrey Domrese, based on the fact that, as Counsel for IBT repeatedly suggested, preparations for performing heavy maintenance work on Frontier aircraft in Milwaukee are essentially completed, and, pending the

outcome of Defendants' appeals to the Seventh Circuit, it is unclear when or even whether this work will actually be performed in Milwaukee, there is currently insufficient work for the nineteen (19) mechanics who relocated to Milwaukee as Republic employees to perform on Frontier aircraft. As was made clear at the May 20 status conference, the IBT simply has no argument that the parties' collective bargaining agreement affords these individuals the right to do maintenance related work on non-Frontier aircraft. It makes no sense from a cost, morale or safety standpoint to utilize mixed employer crews to maintain RAH aircraft. There is no legal basis for challenging this decision. The need to furloughs many – if not all - of these employees, if Defendants are required to return these individuals to their status as Frontier employees pending appeal is, accordingly, indisputable. The potential resulting harm to these individuals who only recently adjusted their lives to move to Milwaukee to work as Republic employees is, in short, clearly the most important factor to be considered and strongly supports granting the partial stay that Defendants are seeking.

As noted above, moreover, Plaintiff IBT will suffer absolutely no harm if this partial stay is granted. The only harm Defendants can imagine IBT claiming is that a partial stay will prevent or at least delay Defendants making the contractually required contributions on behalf of Frontier mechanics to the IBT's pension fund. As set forth in the Declaration of Jacalyn Peter, Defendants' rough calculation is that this will amount to roughly $20,000 over the 3-4 months that it might take the Seventh Circuit to rule on Defendants' interlocutory appeal. While on its face this is admittedly not an insignificant amount of money, the IBT can clearly be made "whole" with interest if the Circuit Court rules against Defendants. Weighed against the potential harm to the nineteen employees who face furlough, the partial stay Defendants are

requesting is warranted.[3]

In summary, Defendants respectfully submit the balance of potential hardship involved in this case, primarily the potential harm to the nineteen mechanics ("the public") who would be forced to revert back to Frontier employee status and potentially face furloughs amply justifies this request for a partial stay of the preliminary injunction pending appeal.

## II. THE IBT SHOULD BE REQUIRED TO POST A SECURITY BOND IN CONNECTION WITH OBTAINING THE PRELIMINARY INJUNCTION

Civ. R. 65(c) states:

> **Security**. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Additionally, Section 7 of the Norris LaGuardia Act, 29 U.S.C. §107 which applies whenever injunctions are granted in labor disputes states, in relevant part:

> …No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident, or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expenses of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

Read together, these authorities make clear that the posting of a bond to cover the losses

---

[3] As counsel for Defendants mentioned at the May 20 status conference, there is a small possibility that one or more of the nineteen mechanics who the Court has ordered be reinstated as Frontier employees could claim a small amount of financial harm in the form of a missed longevity pay increase that he might have had if he had remained a Frontier employee. Defendants are not aware of any such claims, but, in any event, such individuals could easily be made whole when, and if, the Seventh Circuit denies Defendants' appeal.

(including attorneys' fees) incurred by an enjoined party in the event it is determined on appeal that the injunction was improvidently granted is mandatory, not discretionary. Indeed, it is established law in the Seventh Circuit that a district court should actually err on the high side in granting the amount of security in these circumstances as, while the improperly enjoined party must still prove the amount of financial harm incurred as a result of the injunction, the amount of the bond the court awards provides the outer limit on any subsequent recovery. *Mead Johnson & Company v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir. 2000), citing *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 770, n. 14 (1983), *Russell v. Farley*, 105 U.S. 433, 437-38 (1882), and *Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 393-94 (7th Cir. 1983).

Determining an appropriate bond is admittedly complicated in the instant case by the fact Defendants are seeking a partial stay of the April 20 Preliminary Injunction. Defendants concede that if the partial stay is granted, their costs on appeal are limited to the attorneys' fees they will need to expend seeking/obtaining the Seventh's Circuit's reversal. As indicated by the attached Declaration of Norman Quandt, Defendants estimate this cost at roughly $50,000. Defendants, therefore, ask that the Court require the IBT to post a bond in this amount in the event it grants the accompany motion for a partial stay.

In the event the Court denies Defendants' motion for a partial stay, Defendants face the prospect of having to immediately reimburse the IBT for the lost pension contributions it would have been contractually obligated to make on behalf of the nineteen former Frontier mechanics who relocated to Milwaukee as Republic employees on or after February 24, 2010. As indicated in the Declaration of Jacalyn Peter, Defendants have calculated this amount as approximately $20,000 through the expected or projected ruling by the Seventh Circuit. Defendants also

acknowledge that one or more of the nineteen mechanics who would be "reconverted" to Frontier employees pursuant to the Court's Preliminary Injunction could conceivably claim they have incurred very small financial losses as a result of temporarily working for Republic as opposed to Frontier. While such loses are currently unknown and very speculative, Defendants roughly estimate their exposure in this area to in the neighborhood of $5,000. Accordingly, in the event the Court denies Defendants' Motion for Partial Stay, Defendants respectfully request that the Court require the IBT to post a bond in the amount of $75,000 ($50,000 for attorney's fees, $20,000 arguably owed the IBT pension fund, and $5,000 for any incidental financial harm claimed by the nineteen employees who the Court has ordered reinstated as Frontier mechanics).

Dated this 25th day of May, 2010

          FOLEY & LARDNER LLP

          __s/ Brian E. Cothroll__
          David W. Simon
          Brian E. Cothroll
          FOLEY & LARDNER LLP
          777 East Wisconsin Avenue
          Milwaukee, Wisconsin 53202
          414.297.5519 (DWS)
          414.297.5567 (BEC)
          414.297.4900 (facsimile)
          dsimon@foley.com
          bcothroll@foley.com

          Norman A. Quandt
          FORD & HARRISON LLP
          271 17th Street NW, Suite 1900
          Atlanta GA 30363
          404.888.3800
          404.888.3863 (facsimile)
          nquandt@fordharrison.com

          Counsel for Defendants