# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**INTERNATIONAL BROTHERHOOD
OF TEAMSTERS AIRLINE DIVISION**
   **Plaintiff,**

  v.               Case No. 10-C-0203

**FRONTIER AIRLINES, INC. and
REPUBLIC AIRWAYS HOLDINGS, INC.**
   **Defendants.**

---

## DECISION AND ORDER

  Last year, the Teamsters Union filed this action pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq., against Frontier Airlines and the holding company that owns it, Republic Airways Holdings, Inc. The dispute arose upon Republic's acquisition of Frontier and its subsequent decision to transfer Frontier's maintenance work from Denver to Milwaukee. Frontier's mechanics are represented by the Teamsters Union, and although the union does not contend that the decision to transfer the work to Milwaukee was unlawful, the union contends that the work must continue to be governed by the collective bargaining agreements that were in force at the time Republic acquired Frontier. Republic disagrees, arguing that because Republic's acquisition of Frontier created a single transportation system in which the Frontier mechanics are the minority, the Teamsters Union no longer represents a majority of the bargaining unit and therefore the collective bargaining agreements are no longer in effect.

  Upon filing this lawsuit the Teamsters Union immediately sought a preliminary injunction preventing Republic from repudiating the collective bargaining agreements. In

opposition to the union's request for an injunction, Republic argued that I had no authority to issue such an injunction because this case presented a "representation dispute" within the exclusive jurisdiction of the National Mediation Board, which is an independent agency within the executive branch of the government, see 45 U.S.C. § 154 First, that, among other things, is responsible for determining who, if anyone, is the legitimate representative of a carrier's workers, 45 U.S.C. § 152 Ninth. I determined that this case did not involve a representation dispute because it did not involve a dispute among employees over representation – that is, no employee of either Frontier or any of Republic's other airlines disputed that the Teamsters Union was the legitimate representative of Frontier's mechanics. Int'l Bhd. of Teansters Airline Div. v. Frontier Airlines, Inc., 718 F. Supp. 2d 750 (E.D. Wis. 2010). I also enjoined Republic from assigning Frontier maintenance work in violation of the existing collective bargaining agreements. Republic appealed, and on appeal the Seventh Circuit held that the present dispute is a representation dispute. Int'l Bhd. of Teansters Airline Div. v. Frontier Airlines, Inc., 628 F.3d 402, 406 (7th Cir. 2010). However, the court also held that district courts have authority to issue preliminary injunctions against employers in representation disputes without interfering with the National Mediation Board's exclusive jurisdiction. Id. at 405-06.

Still, the Seventh Circuit found a problem in the injunction. Under the Railway Labor Act, a union can't represent any employees in the bargaining unit unless it enjoys the support of a majority of them. Id. at 404. If Republic's acquisition of Frontier created a single transportation system, the Frontier mechanics would constitute only a minority of all mechanics in the system, and therefore the Teamsters Union would represent only a minority of the bargaining unit. The National Mediation Board has exclusive jurisdiction to

2

determine both whether a single transportation system exists and who, if anyone, represents the majority of the workers in the bargaining unit. Id. at 405. But under the District of Columbia Circuit's interpretation of the Railway Labor Act, the Board is not authorized to hear representation disputes initiated by carriers, and so only a union or an employee can initiate proceedings before the Board for purposes of determining whether a single transportation system exists and whether a previously certified union continues to represent a majority of the bargaining unit. See Ry. Labor Executives' Ass'n v. Nat'l Mediation Bd., 29 F.3d 655, 665-69 (D.C. Cir. 1994) (en banc). In the present case, that means that unless the Teamsters Union, some other union, or an employee of Frontier or one of Republic's other airlines brings this matter before the Board, the Board cannot determine whether Republic's acquisition of Frontier resulted in the creation of a single transportation system. The Seventh Circuit concluded that issuing an unconditional injunction against a carrier in circumstances in which no other union or employee is interesting in obtaining a single-carrier determination from the Board would be inequitable because it had the potential to preserve an illegal status quo – one in which a union was allowed to represent a minority of the bargaining unit indefinitely. The court thus directed that the injunction be modified "to condition its continuance on the union's prompt application to the Board for a ruling on the representation of Frontier's mechanics: are they represented by the union, or by no one?" Int'l Bhd. of Teamsters, 628 F.3d at 407.

On remand, I modified the injunction in accordance with the Seventh Circuit's directions, and in compliance with the modified injunction the Teamsters Union filed an application for a single-carrier determination with the Board. Upon receipt of the application, the Board issued a notice to the Teamsters and to Republic indicating that the

3

Board understood the Teamsters to be alleging the existence of a representation dispute involving the mechanics of Frontier Airlines. (Ex. 1 to Br. in Opp. [Docket #93].) The Board directed Republic to post a notice of the Board proceedings in the workplace, and it set deadlines for both Republic and the union to file position statements. Republic then filed its position statement and set forth the facts and arguments supporting its position that Frontier was now part of a single transportation system composed of Frontier and Republic's other airlines. In response, the union chose not to dispute Republic's assertion that it had created a single transportation system. Instead, the union argued that because no other union or employee group disputed that the Teamsters Union was the legitimate representative of Frontier's mechanics, there was no representation dispute involving the mechanics and that therefore the Board lacked jurisdiction under Section 2 Ninth of the Railway Labor Act, 45 U.S.C. § 152 Ninth. Upon receipt of the union's position statement, Republic filed in this court a motion to vacate the injunction on the ground that the union had violated the condition in the injunction requiring the union to initiate representation proceedings before the Board.

I conclude that there has been no violation. The Seventh Circuit determined that it would be inequitable to allow the union to benefit from the injunction under circumstances in which the union was "foreclos[ing] by deliberate inaction a determination of whether it remains the legally authorized bargaining representative of the Frontier mechanics." Int'l Bhd. of Teamsters, 628 F.3d at 407. In accordance with the court's directive, the union has abandoned its stance of deliberate inaction and initiated proceedings before the Board, thus allowing Republic to argue to the Board that the Teamsters Union no longer represents Frontier's mechanics. Although in responding to Republic's position statement

4

the union has chosen to assert that the Board lacks jurisdiction over the dispute, this is not the same thing as refusing to initiate Board proceedings in the first place. Had the union not initiated proceedings before the Board, the Board would not be in a position to determine whether it has jurisdiction over the dispute or whether the Teamsters Union is still the representative of Frontier's mechanics. As it stands, the union has initiated representation proceedings and the ball is now in the Board's court.

Republic asserts that the Seventh Circuit has already decided that this case presents a representation dispute and that therefore the Board has jurisdiction. Assuming that Republic's assertion is accurate, however, that does not mean the injunction must be dissolved. The National Mediation Board is capable of reading the Seventh Circuit's decision and determining for itself whether anything in that decision resolves the union's jurisdictional argument. The Board does not have to dismiss the case for lack of jurisdiction simply because the Teamsters Union says it should do so. Moreover, like any tribunal, the Board cannot resolve a dispute on the merits unless it has jurisdiction. See In re Application of Airport Employees Union, 20 N.M.B. 537, 542-43 (1993). So whether the union raised the jurisdictional issue or not, the Board would be required to consider it. Although Republic's position is that the Seventh Circuit has already resolved the jurisdictional issue, that is incorrect. The National Mediation Board is an independent agency within the executive branch of government and was not a party to this case. The Seventh Circuit's jurisdictional determinations pertained to the jurisdiction of the federal courts in connection with representation disputes. To the extent the court made any comments about the scope of the Board's jurisdiction, those comments do not bind the Board. Thus, the Board must determine for itself whether it has jurisdiction, and it is not

inequitable to allow the union to present to the Board the facts and legal principles relevant to the jurisdictional determination.

To be sure, if the National Mediation Board construes the union's position statement as a request for voluntary dismissal of the application and dismisses the application without resolving either the jurisdictional question or the merits and the union does not object to the Board's action, then I might have to reconsider whether the union has violated the injunction's condition. But that has not happened, and based on what has happened I conclude that the union is in compliance with the condition. Accordingly, **IT IS ORDERED** that defendants' motion to vacate the injunction is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2011.

/s_____
LYNN ADELMAN
District Judge